No. 20,525.

THE STATE OF KANSAS, *Appellee*, V. WILL ARCH, *Appellant*.

SYLLABUS BY THE COURT.

LIQUOR NUISANCE—*Cross-examination of Witnesses—Refusal of Instruc-tions*. Proceedings in a liquor nuisance case examined and held the court did not abuse its discretion in denying a request for further cross-examination of a witness, and did not err in refusing to give an instruction relating to evidence of previous good character, which was copied literally from the syllabus of a decision of this court on the subject.

Appeal from Labette district court; ELMER C. CLARK, judge. Opinion filed June 10, 1916. Affirmed.

*Paul H. Kimball*, and *E. L. Burton*, both of Parsons, for the appellant.

*S. M. Brewster*, attorney-general, *W. P. Montgomery*, special assistant attorney-general, and *Elmer W. Columbia*, county attorney, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The defendant was convicted of keeping a liquor nuisance, and appeals.

The first witness for the state was Steve Briggs, who was examined in chief, cross-examined, and examined redirectly. At the conclusion of the redirect examination the defendant's attorney requested that the witness be required to remain so that he might be called for further examination. The court stated to the attorney that he might recall the witness then if he had any further cross-examination. The attorney then stated that he had no further cross-examination. After the state had rested the attorney stated that he offered to show by cross-examination of the witness certain facts which would explain his testimony and would affect his credibility. The offer did not include a statement that the facts had come to the attorney's knowledge after he had declared he did not desire to cross-examine further, and an objection to the offer was sustained. The ruling was well within the court's discretion.

The defendant requested an instruction relating to evidence of previous good character which was copied literally from the syllabus of a decision of this court on the subject. The request was refused. The language of this court was addressed to lawyers and judges and not to a jury, and contained statements which without adaptation and explanation might well give a jury, untrained in legal thought, a distorted idea of the subject discussed. The district court did well to frame its own instruction on the subject. The instruction given is criticized but is sufficient for the purpose.

Another instruction discussed is confessed to be not very material and certainly was not prejudicial.

The judgment of the district court is affirmed.